UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 9, 2014

LETTER TO COUNSEL

RE:   *Teresa Darnell Dry v. Commissioner, Social Security Administration*;
         Civil No. SAG-13-3168

Dear Ms. Dry and Counsel:

On October 24, 2013, Plaintiff Teresa Darnell Dry petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the Commissioner's motion for summary judgment. (ECF No. 20). Plaintiff, who appears *pro se*, has not filed a response. I find that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny the Commissioner's motion, vacate the opinion of the Administrative Law Judge, and remand the case for further consideration. This letter explains my rationale.

Ms. Dry filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on September 3, 2010. (Tr. 119–32). She alleged a disability onset date of March 27, 2009. (Tr. 119, 126). Her claims were denied initially and on reconsideration. (Tr. 49–53, 63–66). A hearing was held on March 29, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 25–44). Following the hearing, the ALJ determined that Ms. Dry was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 9–22). The Appeals Council denied Ms. Dry's request for review, (Tr. 1–4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Dry suffered from the severe impairments of right shoulder subacromial bursa effusion, degenerative joint disease of the bilateral knees, degenerative disc disease, osteoarthritis, obesity, mood disorder, and anxiety. (Tr. 15). Despite these impairments, the ALJ determined that Ms. Dry retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except occasional use of ramps and climbing stairs, but never climbing ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; no overhead reach, with her right upper extremity; must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation; must avoid hazards, including moving machinery and unprotected heights; she is limited to simple, routine, and

*Teresa Darnell Dry v. Commissioner, Social Security Administration*
Civil No. SAG-13-3168
December 9, 2014
Page 2

> repetitive tasks; she requires a low stress job, defined as having only occasional decision making and occasional changes in the work setting; and she can have only occasional direct interaction with the public.

(Tr. 16–17). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Dry could perform jobs existing in significant numbers in the national economy and that therefore she was not disabled. (Tr. 20–21).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a pro se action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, the Commissioner's decision did not comport with the law. Accordingly, I remand for further analysis of the record. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Dry is not entitled to benefits was correct or incorrect.

A review of the record reveals that Ms. Dry was diagnosed with fibromyalgia. (Tr. 278, 336–37, 341–48, 373–74). Social Security Ruling 12–2p, which became effective on July 25, 2012, governs the evaluation of fibromyalgia in disability claims. SSR 12–2p, 2012 WL 3104869 (July 15, 2012). SSR 12–2p went into effect after the ALJ's June 27, 2012, decision, but before the Appeals Council declined review of Ms. Dry's claims on August 27, 2013. Although Social Security Rulings do not carry the "force and effect of the law or regulations," *see Heckler v. Edwards*, 465 U.S. 870, 873 n.3 (1984), they are "binding on all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(1). Accordingly, SSR 12–2p governed the Appeals Council's consideration of Ms. Dry's disability claims. However, it does not appear that the Appeals Council considered whether SSR 12–2p affected the outcome of Ms. Dry's claims. *See* (Tr. 4). This Court and other district courts have found remand appropriate for consideration of SSR 12–2P where that ruling was issued between the ALJ's opinion and the decision of the Appeals Council. *See Lillard v. Comm'r, Soc. Sec.*, No. 13–cv–1458–JKB, 2014 WL 2004710, at *3 (D. Md. May 14, 2014); *Schuster v. Colvin*, No. 13–cv–0718–WJM, 2014 WL 803461 (D. Colo. Feb. 28, 2014); *Iles v. Colvin*, No. Cv–13–0221–F, 2014 WL 1330010 (W.D. Okla. March 31, 2014).

Although the ALJ ultimately concluded that Ms. Dry was not disabled, it is not clear that her decision would have been the same had she employed the guidance of SSR 12–2p. Ms. Dry testified that her fibromyalgia was physically limiting. (Tr. 35, 37–38). Yet the ALJ did not even consider whether Ms. Dry's fibromyalgia constituted a severe impairment, or if so, whether its symptoms resulted in any functional limitations that would preclude her from performing jobs existing in significant numbers in the national economy. SSR 12–2P emphasizes consideration of the "longitudinal record" of fibromyalgia "whenever possible because the symptoms of FM [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" SSR 12–2p, at *6. However, the ALJ simply mentioned that Ms. Dry received treatment for

*Teresa Darnell Dry v. Commissioner, Social Security Administration*
Civil No. SAG-13-3168
December 9, 2014
Page 3

fibromyalgia at Jai Medical Center, and engaged in no further discussion. (Tr. 18). Without a more detailed evaluation, I cannot determine whether the ALJ's decision in this case would have been different if she had the benefit of SSR 12–2p. Accordingly, remand is necessary for further analysis of Ms. Dry's fibromyalgia diagnosis.

For the reasons set forth herein, Defendant's Motion for Summary Judgment (ECF No. 20) is DENIED. The opinion of the Administrative Law Judge is VACATED and the case is REMANDED to the Commissioner for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge